**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ULYSSES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 04-939C** |
| | ) | **(Judge Smith)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO STAY**
**THE FILING OF A RESPONSE TO THE COMPLAINT**

Pursuant to Rules 1 and 7(b)(1) of the Rules of The United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court stay defendant's obligation to file a response to plaintiff's complaint pending the Court's resolution of the defendant's Notice of Directly-Related Cases and Defendant's Motion to Transfer and Suggestion for Consolidation. Defendant's response to the complaint is currently due on September 1, 2004. Plaintiff's counsel has indicated that he does not oppose this motion.

Pursuant to RCFC 40.2(a)(3), in case No. 04-938C, Ulysses, Inc. v. United States (Judge Williams), defendant is filing its attached Notice of Directly-Related Cases and Motion to Transfer and Suggestion for Consolidation of Ulysses, Inc. v. United States, No. 04-939C (Judge Smith) with Ulysses, Inc. v. United States, No. 04-938C (Judge Williams). Attachment A. A stay of proceedings in this case is within the power and discretion of this Court. See Landis v. North American Co., 299 U.S. 248, 254 (1936). Both cases involve the same parties, the same product, and the same legal questions. Accordingly, in the interest of efficiency and to best utilize resources, we request that the filing of a response to plaintiff's complaint be delayed until 30 days after the resolution of defendant's

notice and motion.

For the foregoing reasons, defendant respectfully requests that the Court grant our motion to stay defendant's obligation to file a response to plaintiff's complaint pending resolution of defendant's Notice of Directly-Related Cases, Motion to Transfer Ulysses v. United States, No. 04-939C (Judge Smith) and Suggestion For Consolidation of Ulysses v. United States, No. 04-939C (Judge Smith), with Ulysses v. United States, No. 04-938C (Judge Williams).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

September 1, 2004

Attorneys for Defendant

# Attachment A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ULYSSES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 04-938C** |
| | ) | **(Judge Williams)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DIRECTLY-RELATED CASES**

Pursuant to Rule 40.2(a)(3) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court take notice that this case, Ulysses, Inc. v. United States, No. 04-938C (Judge Williams), is directly related to another case, Ulysses, Inc. v. United States, No. 04-939C (Judge Smith). Both of the above-cited cases involve the same parties, the same product, and the same essential facts and legal questions.

On June 1, 2004, Ulysses filed its complaint in both cases, Ulysses, Inc. v. United States, No. 04-938C (Judge Williams), and Ulysses, Inc. v. United States, No. 04-939C (Judge Smith). These complaints involve the same parties, the same product, and the same essential facts and legal issues. The same counsel represents Ulysses in both matters. The cases involve different procurements of the same circuit cards and the relief Ulysses seeks in both cases centers around the same argument that the circuit cards that it produces should be accepted along with the circuit cards produced by approved sources. Under RCFC 40.2(a)(1)(A), cases are directly related when they "involve the same parties and are based on the same or similar claims." Accordingly, as we demonstrate in our Motion to Transfer and Suggestion for Consolidation accompanying this notice, the later-filed case, No. 04-939C, should be transferred to this Court and should be consolidated with this case to conserve judicial

resources and promote an efficient determination of the legal issues common to both cases.

For the foregoing reasons, we respectfully request that the Court take notice that Ulysses, Inc. v. United States, No. 04-938C (Judge Williams) and Ulysses, Inc. v. United States, No. 04-939C (Judge Smith) are directly-related cases.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

September 1, 2004

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2004, a copy of the foregoing NOTICE OF DIRECTLY-RELATED CASES was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ULYSSES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 04-938C** |
| | ) | **(Judge Williams)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

DEFENDANT'S MOTION TO TRANSFER
AND SUGGESTION FOR CONSOLIDATION

Pursuant to Rule 40.2(a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the transfer of Ulysses, Inc. v. United States, No. 04-939C (Judge Smith), to this Court[1] and the consolidation of Ulysses, Inc. v. United States, No. 04-939C (Judge Smith) with Ulysses, Inc. v. United States, No. 04-938C (Judge Williams). Defendant makes this request in order to avoid unnecessary costs and delay. Plaintiff does not oppose this motion.

MOTION TO TRANSFER

A motion to transfer may be initiated by a party "[t]o promote docket efficiency, to conform to the requirements of any case management plan, or for the efficient administration of justice." RCFC 40.1(b). A motion to transfer may be filed when cases are deemed directly-related. RCFC 40.2(a)(3). Cases are directly-related when they "involve the same parties and are based on the same or similar claims." RCFC 40.2(a)(1)(A).

---

[1]RCFC 40.2(a) provides that the judge in the earliest-filed case will grant or deny the motion to transfer. Although both complaints were filed on the same day, we presume that the earlier-filed case bears the lower docket number.

On June 1, 2004, Ulysses filed its complaint in both cases, Ulysses, Inc. v. United States, No. 04-938C (Judge Williams), and Ulysses, Inc. v. United States, No. 04-939C (Judge Smith). These complaints involve the same parties, the same product, and the same essential facts and legal issues. The same counsel represents Ulysses in both matters. The cases involve different procurements of the same circuit cards and the relief Ulysses seeks in both cases centers around the same argument that the circuit cards that it produces should be accepted along with the circuit cards produced by approved sources. These cases are directly related because they involve the same parties and are based upon the same claims. Thus, the later-filed case should be transferred to this Court to promote the efficient administration of justice and protect the consistency of the outcome of both cases.

## SUGGESTION FOR CONSOLIDATION

The Government requests consolidation of Ulysses, Inc. v. United States, No. 04-938C (Judge Williams) and Ulysses, Inc. v. United States, No. 04-939C (Judge Smith) pursuant to RCFC 40.2(a)(3), which provides that a suggestion for consolidation of directly-related cases may be made under RCFC 42.1. This Court has discretion to determine whether to allow consolidation. Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993). Under Rule 42(a), consolidation is appropriate when actions involving a common question of law or fact are pending before the Court. RCFC 42(a). Moreover, "[t]he appropriateness of consolidating claims depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation." Karuk Tribe, 27 Fed. Cl. at 433 (citing Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987)).

The common essential facts and questions of law, as well as the common nature of the relief sought in both cases makes consolidation appropriate. Ulysses, Inc., seeks a declaration from both courts that the circuit cards that it produces are acceptable substitutes for the product made by approved producers. Whether such relief is appropriate is a question that should be resolved by one court rather than two. There is little, if any, potential for confusion, delay, or prejudice in consolidation. Indeed, the consolidation of these cases would prevent delay and unnecessary duplicative discovery requests.

For the foregoing reasons, this motion to transfer and suggestion for consolidation of these directly-related cases should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

September 1, 2004

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2004, a copy of the foregoing NOTICE OF DIRECTLY-RELATED CASES was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September, 2004, a copy of the foregoing DEFENDANT'S UNOPPOSED MOTION TO STAY THE FILING OF A RESPONSE TO THE COMPLAINT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt